# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY WAYNE SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:15-CV-174 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus received from Jeremy Wayne Smith, a *pro se* prisoner, on April 16, 2015. For the reasons set forth below, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

DISCUSSION

Jeremy Wayne Smith, a *pro se* prisoner, is attempting to challenge his convictions and the 85 year sentence imposed by the DeKalb Circuit Court on June 28, 2000, under cause number 17C01-0003-CF-5. Habeas Corpus petitions are subject to a strict one year

statute of limitations.[1] Question 16 asked Smith to explain why this petition is timely. In response, he wrote: "Because I had a properly filed post-conviction relief and other collateral reviews with respect to the pertinent judgments and claims and shall not be counted toward any limitation under this subsection." DE 1 at 6. Neither this answer nor the claims raised in the petition indicate that they are based on newly discovered evidence or a newly recognized constitutional right. Neither is there any indication that a state-created impediment prevented him from filing his federal petition on time. Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence.

---

[1] 28 U.S.C. § 2254(d) provides that:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Smith plead guilty and was sentenced on June 28, 2000. DE 1 at 1. He filed a direct appeal and on June 28, 2002, the Indiana Supreme Court remanded the case for re-sentencing. *Id.* It is unclear when Smith was re-sentenced. Nevertheless, Smith is correct that while his post-conviction relief proceeding was pending in the State court, the 1-year period of limitation was tolled. *See* 28 U.S.C. § 2244(d)(2). However, he did not appeal the denial of that petition and the tolling ended on December 3, 2008. DE 1 at 2. Therefore the 1-year period of limitation began again[2] on December 4, 2008, and expired on December 3, 2009. Because this habeas corpus petition was not signed until more than five years later on April 8, 2015, it is untimely.

Though Smith sought authorization from the Court of Appeals of Indiana to file a successive post-conviction relief petition on May 17, 2012, by then the habeas corpus deadline had already expired. Nevertheless, because he request was denied, even if the deadline had not yet expired, that filing would not have tolled the 1-year period of limitation. *See Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)" while the petitioner's

---

[2] If it had not already expired. The Indiana Supreme Court issued its opinion remanding for re-sentencing on June 28, 2002. Smith did not file his post-conviction relief petition until more than three years later on July 19, 2005. It seems likely that the 1-year period of limitation expired before Smith filed his post-conviction relief petition. However, even if no time expired before it was filed, this habeas corpus petition is still untimely.

3

request to pursue a successive petition was pending.). Moreover, the state court's refusal to authorize a successive post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As explained, the petition was not timely filed. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage this case to proceed further. Accordingly, the court declines to issue a certificate of appealability.

CONCLUSION

For the reasons set forth above, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

**DATED: January 11, 2016**          /s/RUDY LOZANO, Judge
                                     **United State District Court**